# UNITED STATES DISTRICT COURT
### for the
### District of New Mexico

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No.
)
5815 Menaul Blvd. )
Albuquerque, NM 87110 ) 15 mr 664

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
OCT 26 2015
MATTHEW J. DYKMAN
CLERK

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A, ATTACHED HERETO AND INCOPORATED BY REFERENCE

located in the _____ District of _____ New Mexico _____, there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B, ATTACHED HERETO AND INCOPORATED BY REFERENCE

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 1159 | Sale of items falsely represented to be made by a Native American tribe or particular Native American artisan (Indian Arts and Craft Act) |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Russell Stanford
*Printed name and title*

Sworn to before me and signed in my presence.

Date: October 26, 2015

_____
*Judge's signature*

City and state: Albuquerque, NM       Chief United States Magistrate Judge Karen B. Molzen
*Printed name and title*

Attachment A
Description of PREMISES to be Searched

The property to be searched is the business of Sheda Khalaf and Jawad Khalaf, located at 5815 Menaul Blvd., Albuquerque, NM 87110. The property consists of one commercial property, as further described in Attachment A (hereinafter, the "Subject Premises").

Sheda Khalaf and Jawad Khalaf are listed as the President and Vice President of Sterling Islands, respectively.

The location is depicted below and is a one-story building, white in color. The name of the business, "Sterling Islands," is depicted on the sign in front of the building. There are two (2) exterior entrances to the business, one in front (South side) and one at the back (North side) of the building.



Subject Premises (Sterling Islands dba National Jewelry Buyers)





Attachment B

Description of Items to Be Seized

Items to be searched, located, and seized from **5815 Menaul Blvd., Albuquerque, NM 87110, and all locked and closed containers therein (the "premises")** include the following:

1. Jewelry manufactured by FA4U.

2. All records or materials - in whatever form, including digital or electronic, showing evidence, fruits, and instrumentalities of violations 18 U.S.C. § 542 (importation by false or fraudulent practice), 19 U.S.C. § 1304 (failure to mark goods with country of origin), 18 U.S.C. § 1159 (violation of the Indian Arts and Crafts Act), and 18 U.S.C. § 371 (conspiracy), including but not limited to:

   a. records that relate to the acquisition, transfer, sale, purchase or shipment of the above listed items, correspondence with buyers and sellers, purchase orders, invoices, financial ledgers, logs, telephone records, travel documents, wire fund transfers, receipts, notebooks, memoranda, spreadsheets, rolodex or address books, appointment calendars, business and personal ledgers, internet transactions, such as eBay or Craigslist, Paypal transactions, cancelled checks and check registers, photographs, videos, DVDs, emails, shipping documents, certificates, and bank records;

   b. Financial documents, including mortgage, loan and lease documents, payment records for items of value, bank and brokerage account statements, check registers, deposit slips, records of transfers, wire transfer instructions and records, safety deposit records, storage unit records and receipts, cashier's checks, personal checks, and other items demonstrating a business purpose, acquisition of property, or transfer of funds to, by, and between the subjects of this investigation;

   c. Corporation and personal income tax information, including both state and federal, and working tax returns, personal (IRS Form 1040) and corporate federal (IRS Forms 1065 and 1120) returns, and state tax returns for tax years 2010 through 2015, including: tax questionnaires, income and expense logs and records, profit and loss statements, ledgers, journals, daily receipts, general reports, accounting reports, work papers, correspondence, notes, financial schedules and reports, memorandums, loans contracts and agreements, accounting records, financial statements, bookkeeper and accountant records, W-2s, W-4s, 1099s, 1098s, and all documents and records used in the preparation of tax returns; and

d. Employment Records, including records showing the income sources for the subjects as well as employee records for FA4U, and Sterling Islands R.S., such as payroll records, time sheets, employee applications, payroll service agreements, payroll tax records, and federal and state income tax records such as W-2s and W-4s, 1099s, IRS Forms 940 and 941, state EDD (Employment Development Department) forms showing quarterly wages and withholding for employees, and federal and state partnership/corporate income tax returns.

3. Computers or storage media used as a means to commit the violations described above, including sending electronic communications in furtherance of a scheme to violate the Indian Arts and Crafts Act.

4. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

   a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

   b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c. evidence of the lack of such malicious software;

   d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

5. Routers, modems, and network equipment used to connect computers to the Internet.

6. As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form

(such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

7. The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.